## WESTERN UNION TEL. CO. v. ENGLER.

(Circuit Court of Appeals, Ninth Circuit. June 1, 1896.)

### No. 265.

1. NEGLIGENCE—CHARGING JURY—DEFINITION OF TERMS.
    When the court, in an action for personal injuries, has correctly instructed the jury in respect to the defendant's duty to use "ordinary care" and "reasonable diligence," and its liability for "negligence," and no request is made to have such terms defined, the court commits no error in failing to give the jury definitions thereof.

2. SAME—NOTICE.
    Plaintiff was injured in an accident caused by a telegraph wire which had been allowed by the company owning it to remain for more than two months sagging across, and within two feet of the surface of, the highway. *Held*, that he was not precluded from recovering damages because neither he nor any one else had notified the telegraph company of the condition of the wire.

3. DAMAGES—PERSONAL INJURIES.
    Plaintiff suffered a compound fracture of the leg, causing the bone to protrude through the flesh, and denuding the bone of the periosteum. More than 100 pieces of bone were taken out, and pieces of bone continued for over 20 months to work out of the wound, during all which time plaintiff suffered intense pain. He was disabled for many months from attending to business, incurred large expenses for medical attendance, and would probably be permanently lame. *Held*, that a verdict of $15,000 would not be set aside as excessive.

In Error to the Circuit Court of the United States for the District of Nevada.

This was an action by Louis Engler against the Western Union Telegraph Company for personal injuries. The plaintiff recovered judgment in the circuit court for $15,000. A motion for a new trial was denied. 69 Fed. 185. Defendant brought error. Affirmed.

Torreyson & Summerfield and Evans & Rogers, for plaintiff in error.

E. S. Farrington, for defendant in error.

Before McKENNA, GILBERT, and ROSS, Circuit Judges.

ROSS, Circuit Judge. This was an action for damages. The plaintiff in error was defendant in the court below. It built and operated a line of telegraph from the town of Elko to the town of Tuscarora, in Elko county, state of Nevada, which line crossed a public road of that county, called the "Old Grand Prize Road." On the occasion of the accident which was the ground of the action, the defendant in error, who was plaintiff in the court below, was driving along the highway, when his horses struck the wire of the telegraph company, which had fallen from its proper place on the poles to within about two feet of the ground, and, becoming frightened, suddenly turned and ran, thereby throwing the plaintiff in the suit from the vehicle in which he was riding, by which fall the plaintiff received a compound, comminuted fracture of the ankle bones of the left leg. His left foot was doubled over, both bones protruding through the flesh, and through his leather shoe into the ground, and were denuded of the periosteum for a space of 4½ inches. The base bone

in the heel of the foot was also denuded of the periosteum. Over 100 pieces of the denuded bones, some of them quite large, were subsequently, at various times, removed. More than twenty months after the injury, pieces of bones were still working out of the foot, and the cavities discharging pus. During all of this time the plaintiff suffered intense pain. He was confined to his bed for a period of six months, and for the first three months was compelled to lie on his back, without being able to turn on either side. At the time of the trial in the court below, he was compelled to use crutches. His physician testified that in his opinion the plaintiff would be well and free from pain or further treatment in about three months from that time, but that the ankle joint would always be stiff, and that there would be a slight deformity of the foot. The testimony was that the plaintiff will be permanently lame. From the time of the injury to the time of the commencement of the suit, the physician's bill for medical attendance upon the plaintiff amounted to $1,545, and his necessary expenses for nursing was over $800. From the time of his injury, the plaintiff was incapacitated from attending to his business, except for about two weeks, during which period he endeavored to give it some attention, but was obliged to discontinue his efforts in that direction. The jury awarded him damages in the sum of $15,000, with which verdict the court below refused to interfere, on motion made by the company for a new trial.

But two points are pressed upon our attention by counsel for the plaintiff in error as grounds for a reversal of the judgment. One relates to the failure of the court below to "give to the consideration of the jury any rule of notice as to the plaintiff in error having had reasonable time to observe or notice the condition of its line, or being put upon inquiry as to any defect therein, or that the same was out of repair," and to the alleged failure of the court "to define negligence, reasonable care, or reasonable diligence"; and the other is the claim that the damages awarded were excessive, and should not, therefore, be permitted to stand.

The court below instructed the jury, among other things, as follows:

"A telegraph company is bound to use ordinary care and reasonable diligence to place and keep its telegraph line and wires in a safe condition, where it extends over or along the public, traveled road. If you believe from the evidence that the defendant failed to perform such duty, and that by reason of its negligence, or the negligence of its servants or agents, in that regard, its line of wire was suffered to hang over the road so low at the point where it crosses the old Grand Prize road, as has been testified to by the witnesses, as to obstruct the public travel upon such road, and to be in such a dangerous condition that by reason thereof the plaintiff, while exercising reasonable care on his part, received the injury complained of, then the defendant is liable, and you may find a verdict for the plaintiff. If you should find from the evidence that the defendant has not been guilty of any negligence, as I have explained to you, it will be your duty to find a verdict in favor of the defendant. But if you should find from the evidence that the defendant was guilty of negligence, and that by reason of such negligence the plaintiff was injured, then you must consider the question whether or not the plaintiff was guilty of any negligence which contributed to the injury which he received."

No objection is made to the instruction of the court upon the subject of contributory negligence. If the defendant wished the court "to define negligence, reasonable care, or reasonable diligence," it ought to have asked the court to do so. Not having asked any such instruction, the appellate court cannot reasonably be expected to reverse a judgment for the failure of the trial court to define terms used in instructions which are too clear to be mis-understood by the ordinary mind. The evidence contained in the record is to the effect that the wire which was the cause of the accident to the plaintiff had been permitted by the defendant company to hang in its fallen position across the highway, at from $1\frac{1}{2}$ to 2 feet from the ground, for a period of about two months and a half. Counsel for plaintiff in error seem to think that, notwith-standing this fact, a party injured by such gross negligence is precluded from recovering damages therefor unless he, or somebody else, had notified the company of its own neglect. We have no hesitancy in denying the soundness of any such position. It was the duty of the company to exercise proper supervision over its own lines, and to maintain its wire in such a position as not to injure those lawfully traveling the public highway with due cau-tion, and without fault on their part.

We see no just ground to hold excessive the amount of damages awarded by the jury, and with which award the experienced and able judge before whom the case was tried refused to interfere. Damages, in such a case, said the supreme court in The City of Panama, 101 U. S. 453–464—

"Must depend very much upon the facts and circumstances proved at the trial. When the suit is brought by the party for personal injuries, there cannot be any fixed measure of compensation for the pain and anguish of body and mind, nor for the permanent injury to health and constitution, but the result must be left to turn mainly upon the good sense and deliberate judgment of the tribunal assigned by law to ascertain what is a just com-pensation for the injuries inflicted."

The court below, in declining to set aside the verdict on the ground that the damages awarded were excessive, said:

"The amount allowed by the jury in the present case was large, but the injury was severe, and the bodily pain intense, and continued for a long period of time. The plaintiff was present in court. The condition of his foot was plainly to be seen, and, with the testimony of his physician, the nature and extent of the injury and of the bodily pain suffered by the plain-tiff, was clearly and intelligently presented to the jury. The injury and the pain were real. No attempt was made at the trial to magnify or exaggerate either the injury or the pain, as is sometimes, in bad taste, attempted to be done in cases of this character. No appeal was made to the jurors to arouse either their passions, prejudices, or sympathy. There was nothing at the trial, in the acts or conduct of the jury, or of any juror, to indicate in any manner that they were influenced or controlled by any such feeling."

Judgment affirmed.