THOMPSON, Respondent, v. REED, Appellant.
(135 N. W. 679.)

1. **Telephone Wire—Injury to Driver—Negligence—Evidence.**

In an action for injury to an omnibus driver struck by a sagging telephone wire suspended over a street, **held**, evidence is sufficient to justify a verdict for plaintff on ground of negligence, although defendant had no direct knowledge of condition of wire.

2. **Telephone Company—Ordinary Care—Wires Over Street.**

Ordinary care and reasonable diligence must, be used by a telephone company to place and keep its wires in safe condition over a public road; exercising greater care and diligence where wires are over principal streets than if over an ordinary highway.

3. **Negligence in Remaining Ignorant of Conditions—Discovery of Conditions by Care.**

Proof of facts concerning defects or dangerous conditions, from which notice may be implied is sufficient notice of such conditions, when they could have been discovered by ordinary care and the condition has existed a sufficient time to enable owner to discover it; such time depending upon circumstances; negligence a question for jury.

4. **City Ordinance—Evidence of Negligence.**

An ordinance of a city requiring telephone wires to be suspended 16 feet above street level of all streets was admissible in evidence on issue of negligence of owner in suit for damages by omnibus driver injured by sagging wire.

5. **Expert Evidence—Qualifications of Witness.**

In an action for personal injury involving loss of teeth and part of a jawbone, a graduated and licensed dentist could testify as an expert concerning effect upon stomach of improper teeth, if expert testimony was needed on that subject.

6. **Excessive Damages—Personal Injury.**

Nine hundred twenty dollars was not excessive damages for personal injury to an omnibus driver, involving loss of part of his teeth and jawbone.

(Opinion filed, April 2, 1912.)

Appeal from Circuit Court, Meade County. Hon. WILLIAM G. RICE, Judge.

Action by John W. Thompson against Alli Reed as The Reed Rural Telephone Company, for damages for negligence in allowing a sagging telephone wire to remain where plaintiff, an omnibus driver, was caught and injured by it. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*Williams & Sweet,* for Appellant.

The plaintiff submitted no competent evidence to the jury showing defendant's negligence. 20 Cyc. 622-623; Omaha & Republican Valley R. R. Co. v. Bernard Clark, (Nebr.) 23 L. R. A. 509; Kilpatrick v. Richardson, (Nebr.) 56 N. W. 481; Powers v. Pere Marquette R. R. Co., (Mich.) 106 N. W. 1117.

"While negligence is an inference to be drawn by the jury from facts established, facts warranting such an inference must be established by evidence, and a jury must not be left to conjecture, —to infer not only negligence but the existence of facts which would constitute negligence." Omaha & Republican Valley R. R. Co. v. Bernard Clark, 23 L. R. A. 509, (Supra); Powers v. Pere Marquette R. R. Co., (Mich.) 106 N. W. 1117; Enc. of Evidence, Vol. 8, page 850; Rusk v. Manhattan R. R. Co., 61 N. Y. (Supp.) 384.

Neligence is not to be presumed. It is rather to be presumed that ordinary care has been taken. Spears v. Chicago, B. & R. R. R. Co., 43 Neb., 720; 62 N. W. 68; Jones on Evidence (Second Edition) Sec. 15; Sherman & Redfield on Negligence, Sec. 59; Wharton on Evidence, Sec. 359; Beanleau v. Portland Co., 48 Me. 291; Baltimore & Ohio R. R. Co. v. Fitzpatrick, 35 Md. 46.

Negligence must be affirmatively proved. It must not be presumed. Jones on Evidence, (Second Edition) Sec. 15, (Supra); Spears v. Chicago, B. & R. R. R. Co., 43 Nebr. 720; 62 N. W. 68.

The mere fact of plaintiff's injury is no evidence of negligence on the part of the defendant. Jones on Telegraphs and Telephones, page 185.

Before plaintiff is entitled to recover damages in any amount he must prove reasonably long notice of negligence to the defendant. Rogers v. Williamsport, 199 Pa. 450; Snee v. Clear Lake Telephone Co., 24 S. D 361; Rusk v. Manhattan R. R. Co., 61 N. Y. (Supp.) 384; Enc. of Evidence, Vol. 8, page 850; Case v. Chicago, R. I. R. R. Co., 21 N. W. 30.

"It is incumbent on the plaintiff to prove that the defect came to the knowledge of the defendant or existed for such length of time that knowledge should be presumed. Case v. Chicago, R. I. R. R. Co., 21 N. W. 30, (Supra); Rogers v. Williamsport, 199 Pa. 450, (Supra); Sweet v. City of Poughkeepsie, 78 N. Y. (Supp.) 60, (Supra); Harton v. Forest City Telephone Co., 59 S. E. 1022; Snee v. Clear Lake Telephone Co., 24 S. D. 361 (Supra).

Ordinance 102 of Sturgis regulating the height of telephone wires within the city limits was inadmissible as evidence, prejudicial to defendants and the technical violation thereof by defendant was not shown to be the proximate cause of plaintiff's injury. Ford vs. Paducah City Railway Co., 99 S. W. 335; Rockford City Railway Co. v. Blake, 50 N. E. 1070; Gottleib v. Beatty, 37 Ill. App. 150; Ford v. Paducah City Railway Co., 90 S. W. 335 (Supra).

Rockford City Railway Co. v. Blake, 50 N. E. 1070, (Supra).

The true rule seems to be that if the violation of an ordinance is not the proximate cause of the injury the company is not liable therefor. Ashley v. Kanawha Valley Traction Co., 9 Am. & Eng. Cases, Ann. 842; Atlantic R. R. Co., Etc. v. Owens. 119 Ga. 833, 47 S. E. 213; Memphis Street R. Co. v. Haynes, 112 Tenn. 712, 81 S. W. 374; San Antonio Street R. Co. v Watzlavisick, (Tex. Civ. App.) 28 S. W. 115; Foreman v. Norfolk ,etc., R. R. Co., 106 Va. 770, 56 S. E. 805.

The court erred in allowing a witness unqualified as an expert to give expert testimony as to the future effect upon plaintiff's stomach by failure to have the proper teeth, the question being peculiarly one of medical skill and experience. Stennett v. Pennsylvania Fire Ins. Co. (Iowa) 28 N. W. 12; Abbotts Trial

Brief, (Second Edition) page 126, 17 Cyc. page 204; Hochstrasser v. Martin, 16 N. Y. (Supp.) 558; Osborn v. Troup, 60 Conn. 485, 23 Atl. 157; Graves v. Santway, 6 N. Y. (Supp.) 892; Stone v. Moore, 83 Ia. 186, 48 N. W. 76; Fairchild v. Bascomb, 35 Vt. 409; State v. Simonis, 39 Ore. 111, 65 Pac. 595; Amer. & Eng. Enc. of Law, page 491; West v. Chicago, Street Ry. Co. v. Fishman, 169 Ill. 196, 48 N. E. 447; State v. Peel, (Mont.) 59 Pac. 171; Enc. of Evidence, Vol. 5, page 533-551; Kilbourne v. Jennings, 38 Iowa 533; Dale v. Johnson, 50 N. H. 452; Green v. State, 64 Ark. 523, 43 S. W. 973; Little Rock & F. S. R. R. Co. v. Brull, 55 Ark. 65, 17 S. W. 363; Dashiell v. Griffith, et ux. 35 Atl. 1094; Wigmore on Evidence, Vol. 1, Sec. 663.

"Before one can testify as an expert witness he must establish his capacity as such." Stennett v. Pennsylvania Fire Ins. Co., (Iowa) 28 N. W. 12; Abbotts Trial Brief, (Second Edition), page 126, (Supra); 17 Cyc. page 204 (Supra); State v. Simonis, 39 Ore. 111, 65 Pac. 595 (Supra).

"The competency of a witness to give testimony as an expert is confined to matters pertaining to his special skill or profession." Enc. of Evidence, Vol. 5, page 533 (Supra); Fairchild v. Bascomb, 35 Vt. 409 (Supra); Enc. of Evidence, Vol. 5, page 551; (Supra); 17 Cyc., page 226; People v. Clark, 84 Cal. 573, 24 Pac. 313; McGean v. Manhattan R. R. Co., 117 N. Y. 219; Rawls v. L. Ins. Co., 36 Barb. 357; Hamburg v. St. Paul F. & M. Ins. Co., 68 Minn. 335, 71 N. W. 388; 17 Cyc., page 226 (Supra).

The court erred in admitting answers to hypothetical questions which did not fairly reflect facts admitted or proved by other witnesses, but which assumed a condition of facts exactly contrary to those so admitted or proved. Enc. of Evidence, Vol. 5, page 621; In re Norman, 72 Ia. 84, 33 N. W. 374; In re Higgins Estate, (Cal.) 104 Pac. 6; Ames v. Blades, 51 Ia. 596, 2 N. W. 408; Morrill v. Tegarden, (Nebr.) 26 N. W. 202; O'Hara v. Wells, (Nebr.) 15 N. W. 722; North American Accident Ass'n. v. Woodson, 64 Fed. 689; Safe Deposit and Trust Co. of Baltimore v. Berry et al., (Mr.) 49 Atl. 401; In re Barber's Estate, 63 Conn. 393, 22 L. R. A. 90; Hurst v. C., R. I. & R. R.

R. Co., 49 Iowa 79; In the Matter of the Will of Mary Ames, 51
Iowa, 603; Meeker v. Meeker, 37 N. W. 773; Woolner et al. v.
Spalding, Sheriff, 65 Miss. 211, 3 So. 583; Wittenberg v. Ons-
gard, 78 Minn., 342, 81 N. W. 14; Nichols v. Oregon Short Line
R. R. Co., 25 Utah 240, 70 Pac. 996; Vosburg v. Putney, 80
Wis. 523, 50 N. W. 403; Burnett v. Wilmington N. & N. R. R.
Co., 120 N. C. 517, 26 S. E. 819.

The verdict was plainly excessive.

The amount awarded to the plaintiff is excessive. The evi-
dence showed a very slight injury, which, ordinarily would at-
tract but passing notice. Plaintiff's mouth, lips or face were
neither bruised, lacerated or marred as alleged in plaintiff's com-
plaint. The only injury shown was that three teeth had been
pulled out, and while plaintiff alleged a broken jaw bone, the testi-
mony of his own witness showed that the jaw bone proper had
suffered no injury. (See testimony of witness Swafford, page
13.)

*James McNenny,* for Respondent.

Appellant seems to rest his whole argument upon the propo-
sition that the wire was properly repaired ten days prior to the
injury. He says the evidence of this fixing is undisputed. It was
furnished by his own witness and is preserved in the abstract at
folios 143 and 144. The witness says, "I was not there when the
brackets were nailed back, but I told the man to nail the brackets
so they could not slack. I do not know that he did it. * * *"
This is the foundation upon which appellant has piled some fifty
or sixty cases, and used up about forty pages of a brief.

It is next argued that there was reversible error in allowing
the dental surgeon, Charles McDowell, to testify concerning the
effect of damaged teeth. We do not know of any member of the
medical profession who would be more competent to testify to the
effect upon the stomach of improper mastication than a regularly
graduated doctor of dental surgery who had passed the examina-
tion required in South Dakota.

Appellant says the verdict is excessive. He calls the injury
a "passing injury," and dwells at considerable length upon the

fact that the medical men present called the particular bone that was broken out the "alveolar process" rather than the "jaw bone."" The alveolar process with the teeth attached were exhibited to the jury. (Abst. 149.) Even the witness, Dr. Eaton, a nephew of the defendant, and a witness for the defendant, inadvertently called this process a bone. We would hardly call the tearing out of a piece of bone which necessitated treatment by a dentist for a month and a half, a passing incident, nor do we believe this Court will say that a jury in assessing damages of Nine Hundred Twenty Dollars ($920.00) acted under the influence of passion or prejudice. If any bias or prejudice was present it was exercised in favor of the defendant.

The failure of the defendant to place his wires on the street in accordance with the ordinance was at least *prima facie* negligence, and the ordinance book was competent to prove the ordinance. The law regulating the violation of ordinance or statute is thus stated in 29 Cyc. 436; "As a general rule it may be said that negligence may consist in the neglect of some duty imposed by statute as well as by the careless or negligent performance of some obligation imposed by law or contract. * * * In many decisions it is held that a violation of the statute or ordinance specifically imposed under the police power of the state is negligence *per se*, or as a matter of law, if the other elements of actionable negligence exist." Burke vs. Creamery Package Mfg. Co., 126 Iowa 730, 102 N. W. 793; Wise v. Morgan, 101 Tenn. 273, 48 S. W. 971, 44 L. R. A. 548; Binford v. Johnson, 82 Ind. 426, 42 Am. Rep. 508; Halifax St. R. Co. v. Joyce, 22 Can. Sup. Court 258; Kelly v. Anderson, 87 N. W. 579; Snee v. Clear Lake Tel. Co., (S. D.) 123 N. W. 724; Mize v. Rocky Mountain Tel. Tel. Co., 100 Pac. 975; Clements v. Louisiana Light Co., 16 L. R. A. 43.

McCOY, P. J. There was a verdict and judgment in favor of plaintiff in the court below, and defendant appeals to this court, alleging insufficiency of the evidence to justify the verdict, and assigning as error the admission of certain evidence over defendant's objection, and that the verdict is excessive, and the result of prejudice or passion.

It appears that on the evening of August 20, 1910, after it became dark, in the city of Sturgis, Meade county, while plaintiff, a bus driver was delivering passengers on Third street, one of the principal streets of the city and much traveled, and while he was seated on the top of his bus, and driving at a moderate trot, and while so driving along the middle of said street, he was caught in the mouth by a telephone wire owned and maintained by defendant, and dragged from the seat of his bus, and a portion of his teeth and jawbone violently torn from his mouth; that plaintiff was without fault on his part, and had no knowledge of the presence or condition of said wire; that said wire had been permitted and allowed to become loose and sag between a certain house and barn on opposite sides of said Third street; that said wire was attached to said barn about 15 feet above the ground, and to said house about 12 feet above the ground. There was evidence tending to show that said wire had been in said loose and sagging condition for some months prior to said accident. One witness testified that about a week or 10 days prior to the accident he had driven against the same wire while driving a bus, and had saved himself by throwing up his hand. Another testified that he resided on said Third street near the place of said accident, and had noticed the condition of said wire prior to said accident, and it seemed to be very slack and hung down, sagged down about 18 inches, and was in that condition the first part of June. Another, who lived in the house to which the wire in question was attached, testified to noticing the sagging condition of said wire fully a month prior to the accident. Another, who resided in the same house, testified that the wire was sagging real low and fastened so that one riding could be hurt, that she had noticed said condition some three or four weeks before the accident, and had called her husband's attention to the condition of the wire. It also appears that by the provisions of an ordinance of the city of Sturgis all telephone wires are required to be suspended at least 16 feet above the level of all streets.

[1] W are of the opinion this evidence was sufficient to justify a verdict in favor of plaintiff on the ground of the negligence of defendant, although defendant had no direct knowledge of the condition of said wire previous to said accident.

[2] A telephone company is bound to use ordinary care and reasonable diligence to place and keep its wires in a safe condition, where they extend over and along a public traveled road. Greater care and diligence would be required where the wires are over a principal street of a city than if over a highway in some sparcely settled district in the country.

[3] Actual notice of defects or dangerous condition is not necessary. Proof of facts from which notice may be implied is sufficient, negligently remaining ignorant being equivalent to actual knowledge. Actual notice is not necessary when the defect or danger could have been discovered by the use of ordinary care, and when the condition has existed a sufficient time to have enabled the owner to discover it. What constitutes sufficient time must depend upon the circumstances of each case. 29 Cyc. 431; West. U. Tel. Co. v. Engler, 75 Fed. 102, 21 C. C. A. 246. Whether defendant was negligent under the circumstances of this case was purely a question for the jury.

[4] Appellant urges as error the overruling of his objections to the admission of said ordinance in evidence, on the ground that the same was not within the issues; but we are of the opinion that it constituted one of the surrounding circumstances which was proper for the jury to take into consideration in connection with all the other evidence in the case in determining whether or not defendant had been guilty of negligence.

[5] Appellant also contends that the court erred in permitting witness McDowell to testify, over the objections of defendant, on the ground that he was not qualified to give such expert testimony. This witness testified that he was a doctor of dental surgery, duly graduated, and licensed to practice. The testimony objected to was as follows: "Q. And the effect—is there any effect upon the stomach by failure to have the proper teeth? Ans. The condition of the teeth has everything to do with the condition of the stomach. Q. Now, just explain to the jury what effect it has, as near as you can. Ans. In the first place, a proper mastication of the food, which is one of the first processes of digestion, is interefered with. That is the main thing. Q. The process of

mastication is one of the processes of digestion, and one of the most important, is it not? Ans. It is one of the most important. Q. And the failure to properly digest the food would cause other stomach troubles that might be very dangerous? Ans. It would affect the stomach." The ground upon which expert testimony is permitted is that in a great variety of cases where the subjects under investigation are wholly unfamiliar to the court and jury there would be no adequate mode of arriving at any satisfactory conclusion, if expert testimony were rejected. The matters so testified to by this witness are of such common and universal knowledge to all who have ever had teeth and a stomach that it was hardly the subject of expert testimony at all. Still, we are of the opinion that any qualified dentist would be a proper expert on the subject about which this witness testified, providing the examination went further into scientific propositions than the ordinary mortal is presumed to know. It appears that the only objection raised by the brief to this testimony was that the witness was not qualified. The objection was properly overruled.

[6] Appellant next contends that the verdict is excessive, in that plaintiff has sustained no substantial injury by reason of said accident. Plaintiff testified that he was 22 years of age; that the jerking out of his teeth caused much pain; that he has had four bridges and three crowns put in place of those taken out. "They are not as good as my own teeth. They kind of act like there was a piece of wood in there. I cannot chew or move that side of my mouth like I can the other." Dr. Swafford, a physician and surgeon, testified that the loss of the bones and teeth are permanent injuries. "The teeth and bone will never come back; a repair job of anything is never as good as the original. Plaintiff was brought to my place when the accident occurred. There was no question but he was suffering considerable pain." Dr. McDowell, the dentist, testified: "I saw the case after the teeth had been removed. All the teeth from the upper left central, back of the upper first molar, together with the buckle plate of the process, were gone. The process is a bony formation. Strictly speaking, there would be a little of the alveolar and the lip gone. An injury of that kind would be permanent. The teeth

put in there would be permanent to a certain extent, not so permanent as the original teeth. The strain that would come on the space would all fall on the teeth supporting the bridge. A person has to exercise a great deal more care with those than with ordinary teeth, with reference to getting and keeping the space between the jaw bone and the teeth clear."

We are inclined to the view that the verdict for $920 was quite reasonable.

Finding no error in the record, the judment of the circuit court is affirmed.