OLE A. OLSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 6, 1897.

Nos. 10,488—(88).

| 68 | 155 |
| 83 | 76 |
| 68 | 155 |
| 84 | 425 |

### Master and Servant—Injury to Employe—Inference of Negligence—Pleading and Proof.

*Held,* that an allegation in the complaint herein to the effect that the defendant negligently ran certain cars against a tender with such force as to injure the plaintiff is sustained by proof that it negligently omitted to do an act from which such result followed.

### Same—Instruction to Jury.

*Held,* that a request to instruct the jury that they could not infer negligence from the mere happening of the accident in this case was rightly refused as misleading, for the reason that the accident was of such a nature as to raise, in connection with the other evidence, an inference of negligence.

### Same—Damages—Sufficiency of Evidence.

Evidence considered, and *held,* that it is sufficient to sustain the verdict, and that the award of damages is not so excessive as to justify the conclusion that it was induced by passion or prejudice.

Appeal by defendant from an order of the district court for Stevens county, C. L. Brown, J., refusing a new trial after a verdict for plaintiff for $6,500. Affirmed.

*C. Wellington,* for appellant.

The complaint alleged the particular kind of negligence which was the origin of the cause of action and the facts constituting that negligence were set forth therein. This was that defendant negligently and wantonly ran and propelled certain cars. The language used can convey only the thought that defendant negligently performed or did a certain act, and does not include any negligent omission to do an act. If the facts established by the testimony are just as consistent with the theory that the cars in question collided with the tender from some cause other than being run and propelled against it, there can be no recovery. Now it may be that the cars in question came down the grade because of a defective brake not holding them properly. They may have escaped from the control of appel-

[1] Reported in 71 N. W. 5.

lant's employes, because some appliance broke. At any rate, the rule, as we understand it, is that, when the injury may have been caused by one of two causes, for one of which the party is responsible, but not for the other, the person seeking to recover must fail, if the evidence does not show that the injury was the result of the first cause. Searles v. Manhattan, 101 N. Y. 661; Baulec v. New York, 59 N. Y. 356; Orth v. St. Paul, 47 Minn. 384; 1 Bailey, Mast. Liab. 503. The fact of collision certainly will not raise the presumption that defendant was guilty of negligently running and propelling the cars. The relation existing between the parties being that of master and servant, a different rule as to presumptions obtains. Kuhns v. Wisconsin, 70 Iowa, 561; Case v. Chicago, 64 Iowa, 762; Dobbin v. Brown, 119 N. Y. 188; O'Connor v. Illinois, 83 Iowa, 105. Under the evidence as introduced, plaintiff did not sustain the burden. In support of this see Mitchell v. Prange, (Mich.) 67 N. W. 1096; Price v. St. Louis, 3 Am. & Eng. R. Cas. 365; Barron v. Chicago, 89 Wis. 79; Lepnick v. Gaddis, 72 Miss. 200; Santa Fe v. Hurley, (Ariz.) 36 Pac. 216; Stanard v. White Line, 122 Mo. 258; Collier v. Coggins, 103 Ala. 281; Telle v. Leavenworth, 50 Kan. 455; Greer v. Louisville, 94 Ky. 169; Neudecker v. Kohlberg, 81 N. Y. 296; Stout v. Coffin, 28 Cal. 65; Buffington v. Atlantic, 64 Mo. 246; Waldhier v. Hannibal, 71 Mo. 514; Ahern v. Oregon, 24 Ore. 276; Knahtla v. Oregon, 21 Ore. 136; Woodward v. Oregon, 18 Ore. 289; Boardman v. Griffin, 52 Ind. 101.

*Marshall A. Spooner, Stephen A. Flaherty* and *Charles G. Laybourn,* for respondent.

Under the circumstances shown by plaintiff's testimony no special act appears from which it can be determined whether the collision between the freight cars and the locomotive was the result of an act negligently performed or one negligently omitted. "A plaintiff, in an action for injury from an accident alleged by him to have been caused by defendant's negligence, must give reasonable evidence of such negligence, but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen, if those who have the management of the machinery use proper care, it affords reasonable evidence in the absence of explanation by the defendant that the

accident arose from want of care. Scott v. London, 3 H. & C. 596; 13 Law Times, 148 (N. S.). See, also, Byrne v. Boadle, 9 Law Times (N. S.) 450; Goll v. Manhattan, 25 J. & S. 74. "Where the fact of the accident is proved and a presumption of negligence established against the defendant, the plaintiff may recover upon proofs that do not point out the specific act of negligence that caused the accident, and the defendant is not entitled to have the jury find such specific act. * * * On the other hand, the defendant is called upon to explain and show that it did not occur from any fault on its part or on the part of its employees." Cummings v. National, 60 Wis. 603; Marshall v. Widdicomb, 67 Mich. 167. If the freight cars in this case were left without the brake set on the incline, it was an act of gross negligence. Battle v. Railroad, 66 N. C. 343; Webster v. Rome, 40 Hun, 161. That the direction of a verdict was rightly refused see Leonard v. Minneapolis, 63 Minn. 489; Bennett v. Syndicate, 39 Minn. 254; Abbett v. Chicago, 30 Minn. 482; Orth v. St. Paul, 47 Minn. 384. The damages awarded were not excessive.

START, C. J. This is a personal injury case. Verdict for the plaintiff for $6,500, and the defendant appeals from an order denying its motion for a new trial. The defendant's assignments of error suggest three general questions: (a) The sufficiency of the evidence to support the verdict. (b) The correctness of the rulings of the trial court in refusing to give certain requests for instructions to the jury. (c) Are the damages excessive?

1. On the morning of November 14, 1895, between the hours of 12 and 2 o'clock, the plaintiff was in the employment of the defendant, working at its coal sheds at Morris, in this state. His duties there were to assist in coaling engines by getting on the tender, and when the coal bucket, which weighed 300 pounds and was hung on a crane, was swung to him, to turn the bottom, let the coal fall into the tender, and then push the bucket back upon the platform of the sheds. While thus engaged on the night in question, which was foggy and dark, four of the defendant's freight cars were driven against the tender with such force as to move it and the engine several feet. The first car struck the bucket, while the plaintiff was in the act of pushing it back to the platform, driving the bucket against him

with such force that he was thereby seriously injured.    The act of negligence on the part of the defendant alleged in the complaint is that "the said defendant negligently and carelessly, and also wantonly,  *  *  *  ran and propelled" the cars whereby he was injured.

The defendant claims that there is an entire failure of proof as to the particular act of negligence pleaded, for the reason that, to sustain this allegation, it must be shown that the defendant negligently performed or did some act whereby the cars in question were run or propelled upon the tender; that it is not sufficient to show that it negligently omitted to do some act whereby such result followed. Such a construction of the complaint is too technical for the practical administration of justice.    If the evidence is sufficient to sustain a finding by the jury that the four cars ran down upon the tender by reason of the negligence of the defendant, whether such negligence was an act of commission or omission, it substantially sustains the allegation of the complaint that the defendant negligently ran the cars against the tender, for in either case it would be its negligence that put in operation the force which ran them down.    The only question, then, is whether the evidence was sufficient to sustain a finding that the cars collided with the tender by reason of the negligence of the defendant, for it is undisputed that such collision was the cause of the plaintiff's injury, and is the act of negligence alleged.    Our conclusion from a consideration of the whole evidence is that it was.

It is not our purpose to quote or analyze the evidence in support of this conclusion, but simply to refer to some of its salient outlines. It appeared from the evidence that on the night in question a freight train of 31 cars arrived from the west, at Morris, and that, before it drew up to the depot, it was cut in two, and only the locomotive, tender, and four cars were drawn up to the platform of the depot, where they were stopped and remained standing on the main track while the train crew, except the engineer, went to supper.    The coal sheds were on the same track, and 410 feet east from the depot, the grade descending from west to east practically a foot and a half between the points named.    When the fireman returned from his supper, he uncoupled the locomotive from the four cars, and it pro-

ceeded with the engineer in charge to the coal sheds, where it stopped for coal. The plaintiff mounted the tender to assist in the work of coaling, and at the time the first bucketful had been emptied, and he was in the act of shoving the bucket back on the platform, the four cars which had shortly before been detached from the engine ran down the grade, striking the tender and injuring the plaintiff as already stated.

The force that sent them down was either steam or gravitation. The evidence negatives any suggestion that it was the former, and the inference necessarily follows that they ran down because they were left on the grade without anything to hold them there. The evidence shows that a good brake, if set, was sufficient to hold 30 cars on this grade. The head brakeman testified that he set the brake on the rear of the four cars, and thereby stopped them and the locomotive at the depot; and in this he was corroborated by the engineer. He also testified that he did not release the brake when he got down from the car, and went to see if a switch was properly adjusted to permit a stock train, which was crowding them, to pass, or at any other time. The engineer did not go to supper, but remained with his locomotive, until it was uncoupled from the four cars, and then ran it down to the coal sheds. It is not claimed by the defendant that any outside parties meddled with its cars or the brake, but the defendant does claim that

"the cars in question may have come down because of a defective brake not holding them properly. They may have escaped from the control of appellant's employes because some appliance broke or gave way and, by reason of the down grade in question, collided with the tender."

It may be conceded that, if the collision originated in the causes suggested, the evidence is not sufficient to establish the negligence pleaded. But there is not a particle of evidence that such was the case. On the contrary the fair inference from the evidence is that the brake and appliances of the cars were in good condition. While the burden was on the plaintiff to establish the defendant's negligence in some of the particulars alleged, yet he was not bound to do so to an absolute certainty, nor to negative all possible circumstances which would excuse the defendant, for it is sufficient if the evidence

furnishes a reasonable basis for satisfying the jury that the defendant was guilty of negligence as alleged, and that it was the proximate cause of the plaintiff's injury.     Orth v. St. Paul, 47 Minn. 384, 50 N. W. 363.

Now, in this case it is a fact admitting of no reasonable question that the four cars were in the exclusive possession and control of the defendant, by its servants, the train crew; that the cars did run down the grade, and collide with the tender; that, in the ordinary course of things, this could not have happened if those in charge of them had used due care; and, further, that if the brake had been set, and remained so, they could not have followed the locomotive down the grade.     Proof of these facts, with other circumstances rendering it improbable that there was any defect in the brake, were sufficient to justify the jury in finding that the brake was not set by the head brakeman on the four cars, or, if it was, that it was released by him or some other of the train crew, and that the brakeman was mistaken in his testimony.

2. The defendant requested the trial court to give four special requests in its instructions to the jury.     Each of them was refused, except as given in the general charge, to which ruling the defendant excepted.     The first was that the jury return a verdict for the defendant. It was properly refused, as the evidence made a case for the jury. The third and fourth requests were also rightly refused.     Each of them contained propositions based upon the assumed correctness of the question of pleading raised by the defendant, and already referred to.     Request No. 2 was this:

"Negligence is never to be presumed.     The burden of proof is upon the plaintiff to prove the negligence of the defendant by a preponderance of evidence, and that such negligence caused the injury complained of.     You cannot infer negligence against the defendant from the mere happening of the accident.     It must be proved and established by facts from which the negligence of the defendant as alleged in the complaint may be fairly and reasonably inferred.     The plaintiff must satisfy you by a preponderance of evidence that the defendant negligently and carelessly ran and propelled a train of cars against the locomotive referred to in the evidence, and that by such act of the defendant the plaintiff was injured, before the plaintiff can recover in this action."

This was substantially given in the general charge, except the proposition, "You cannot infer negligence against the defendant from the mere happening of the accident." The mere fact that an accident happens has no tendency to prove negligence, but an accident may be of such a nature as to raise a presumption of negligence. It often occurs that, in proving the particulars of the accident, its cause is revealed, and thereby competent and sufficient proof of negligence furnished. Thus, where, as in this case, the thing causing the accident is shown to be in the possession and under the control of the defendant, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. Huey v. Gahlenbeck, 121 Pa. St. 238; 6 Am. St. Rep. 792, and note, 15 Atl. 520. As applied to the facts of the case at bar, this naked request was misleading, for the jury would be likely to understand from it, unexplained, that they were not at liberty to infer negligence from the manner in which the accident happened. The request was properly refused for this reason.

3. The evidence as to the nature and extent of the plaintiff's injuries, and the probabilities of his recovery, was conflicting. That on the part of the plaintiff tended to show that he was a strong laboring man, 46 years old, and earning $40 to $45 each month before he was injured; that, as a result of the accident his nervous system has become permanently diseased; and that his recovery, so as to be able to perform manual labor, is doubtful. At the time of the trial, which was over four months after the accident, he was still in bed, unable to turn himself without assistance. The evidence on the part of the defendant indicates that the plaintiff's injuries were not serious, and points to the probability of his recovery. We regard the damages awarded as liberal, but they are not so clearly excessive as to justify the conclusion that the award was induced by passion or prejudice.

Order affirmed.