# EDWARD W. DENOYER v. RAILWAY TRANSFER COMPANY OF MINNEAPOLIS.[1]

May 2, 1913.

Nos. 17,809—(53).

**Federal statute — pleading.**

1. The complaint in an action for personal injuries need not make formal reference to the Federal Employer's Liability Act, in order that the plaintiff may avail himself of the provisions thereof and have a recovery thereunder; it being sufficient to allege facts bringing the case within the terms of the act.

**Failure to except to charge.**

2. Where the court, in an action based upon the Federal Employer's Liability Act, instructed that it was for the jury to pass upon the existence of contributory negligence, and that, if they found such, they should prorate the amount of the damages between the parties in proportion to their negligence, and no instruction to the contrary was requested by the defendant, no exceptions were taken to the charge given, and no motion for a new trial was made, the defendant could not, on appeal, complain of the court's failure to instruct that the plaintiff was guilty of contributory negligence.

**Evidence of custom — question for jury.**

3. Evidence upon the issue of the defendant's negligence, in an action by a railroad switchman for injuries received while assisting, pursuant to his duties, in moving certain freight cars by a so-called "pushing" operation, and particularly upon the question of the existence of a certain custom as to coupling, etc., claimed by the plaintiff to have prevailed in the defendant company's yards in carrying out such operation, considered, and *held* to warrant the submission of such questions to the jury.

Action in the district court for Hennepin county to recover $10,000 for personal injury. The case was tried before Hale, J., who, at the close of plaintiff's case, denied defendant's motion to dismiss and, at the close of the testimony, denied defendant's motion for a directed verdict. The jury returned a verdict for $1,500 in favor of plaintiff. From an order denying defendant's motion for judgment not-

[1] Reported in 141 N. W. 175.

withstanding the verdict, it appealed. It was stipulated that the appeal should be treated as an appeal from the judgment subsequently entered pursuant to the verdict. Affirmed.

*W. H. Bremner, F. M. Miner* and *George W. Seevers,* for appellant.

*Samuel A. Anderson,* for respondent.

PHILIP E. BROWN, J.

Appeal by the defendant from a judgment, entered after verdict and the denial of its motion for judgment notwithstanding, in an action to recover damages for personal injuries claimed to have been occasioned by its negligence. The material allegations of the complaint necessary to a consideration of the questions involved in the issues submitted to the jury are:

That the defendant was a common carrier by railroad, its business consisting largely of switching and making up freight cars into trains; that the plaintiff, while in its employ as a switchman and in the performance of his duties, was assisting in the movement of a train of cars, known as "pushing," and, while standing upon one of such cars, was precipitated therefrom because the defendant had neglected to follow its established custom of having all the cars in the train coupled before attempting such operation; that it was no part of the plaintiff's duties to make such couplings; and that at the time of the accident he believed they had been made. In addition to the allegations stated, the complaint further set out, with considerable detail, that the defendant and its equipment then in use, including the car upon which the plaintiff was standing just prior to the accident, and the entire crew, were engaged in the prosecution of interstate commerce; but the Federal Employer's Liability Act, upon which the action was based, was not averred, and there was no allegation that the action was founded upon any statute. Appropriate allegations of damages were made.

The defendant, in its answer, admitted the plaintiff's employment as a switchman, alleged contributory negligence and assumption of risk on his part, and denied all other allegations of the complaint.

The plaintiff, in his reply, joined issue upon the allegations of the answer.

At the outset of the trial the defendant admitted that the cars upon which the plaintiff was engaged when injured were being operated in interstate commerce.

1. A preliminary question may first be disposed of. The defendant, while conceding that the acts alleged in the complaint were sufficient to constitute a cause of action under the Federal act referred to, insisted during the trial, by proper objections and motions, that the action should be dismissed because of the plaintiff's failure specifically to allege or refer to such act, so that the defendant might know whether the plaintiff claimed the benefit thereof, or whether he made complaint under the state law. We are unable to sustain this contention; for, aside from the fact that it clearly appears that the defendant was not misled, to do so would be to ingraft an unwarranted exception upon the provisions of R. L. 1905, § 4127, and require a complaint to contain more than the legislature has required. We see no good reason for holding that a formal reference to the statute should be made in the complaint, or that the plaintiff must allege that he is proceeding thereunder, and we hold it sufficient to set out the facts bringing the case within the terms of the Federal act. The Federal decisions are not relevant, this being purely a question of state practice; and while some color is given to the defendant's contention by Allen v. Tuscarora, 229 Pa. St. 97, 78 Atl. 34, 30 L.R.A. (N.S.) 1096, 140 Am. St. 714, the same question has recently been considered in Wisconsin, where the rule as above announced has been sustained. See Rowlands v. Chicago, 149 Wis. 51, 135 N. W. 156.

2. The defendant complains that the trial court failed to instruct the jury that the plaintiff was guilty of contributory negligence as a matter of law; its position being that while the Federal act does not bar a recovery for such reason, yet it does not contemplate that the question of the existence thereof should be submitted to the jury in all cases where it exists, but that the proper construction of such act requires the court to state to the jury that it has been established whenever the proofs so indicate. In other words, it is urged that the same rule applies concerning the duty of the court to charge the

existence of contributory negligence, where such is established by the proofs, as in actions under the common law. The court instructed the jury that it was for them to pass upon the existence of such negligence, and that if they found the same they should prorate the amount of the damages between the parties in proportion to their negligence, which latter proposition is unquestionably the rule under the Federal act. No instructions in accordance with the defendant's present claim were requested, no exceptions were taken to the charge given, and no motion for a new trial was made. In this state of the record, the defendant's point upon the court's failure to charge contributory negligence is not available; and the same may be said as to his point upon assumption of risk. Mr. Dunnell in his Minnesota Practice (section 1899), says:

"A party cannot shift his position on appeal. To permit him to do so would be unfair to the opposite party and turn the appellate court into a court of first instance. It is a general rule, of wide and frequent application, that a case will be considered on appeal in accordance with the theory on which the action was conducted on the trial, both as regards the law and the facts."

3. We come now to the alleged negligence of the defendant. The plaintiff claims that the accident happened substantially in this wise: Prior thereto some six cars were standing on a switch track designated as No. 4, where the accident occurred. Subsequently two cars were kicked down upon the same track and coupled to the six mentioned. The plaintiff rode upon the last of these cars for the purpose of setting the hand brakes and seeing that the coupling was made. In order to change the position of the cars thus on track 4, a switch engine with about 12 cars in front of it shoved such cars into contact with those standing on track 4. Thereafter the plaintiff moved across his car for the purpose of boarding the out-going cars attached to the engine, so as to continue the performance of his duties, relying in so doing, according to his version of the matter, upon the custom of the defendant, in operations of the kind described, of having all the cars in the train coupled before attempting the "pushing" movement, and of again uncoupling before the pushing train moved out. In fact, however, the cars had not been coupled, and the car which the plain-

tiff had expected to board had separated from the car upon which he was walking, and before he could check himself he fell into the open space and was injured. Furthermore, as claimed by the plaintiff, it was no part of his duties to see that the custom mentioned was complied with.

The plaintiff's testimony as to the existence of the custom referred to was corroborated by another witness, and it was established that the cars had not been coupled. The defendant sharply contested this version of the occurrence, among other things denying the existence of the custom in question. The court charged, in effect, that if such custom prevailed the plaintiff had the right to rely thereon, and that the neglect to observe the same would constitute negligence, and no claim is made that this is not a correct statement of the law. The defendant, however, insists that the testimony, taken as a whole, shows no negligence on its part, and especially that there is such a great preponderance against the existence of any such custom as that asserted by the plaintiff—and this we deem to be the crux of the case—that the jury's finding of its existence is unwarranted. We cannot adopt this view, and the verdict, therefore, must stand.

Judgment affirmed.