## BERNARD McDONALD v. RAILWAY TRANSFER COMPANY OF MINNEAPOLIS.[1]

May 2, 1913.

Nos. 17,810—(54).

**Negligence — verdict sustained by evidence.**
    1. In this a personal injury action brought under the employer's liability

[1] Reported in 141 N. W. 177.

---

Note.—For servant's assumption of risk of danger imperfectly appreciated, see note in 4 L.R.A.(N.S.) 990. And on the question of assumption of risk of dangers created by the master's negligence, which might have been discovered by the

act of Congress, the evidence supports the verdict that defendant's negligence in the maintenance of a switch stand unlighted in a dangerous location caused plaintiff's injury.

**Assumption of risk.**

2. The record fails to show as a matter of law that plaintiff assumed the risk; hence it is unnecessary to determine whether this defense is still available under the act mentioned.

**Federal act — defense of contributory negligence.**

3. The complaint set out the facts making the act of Congress mentioned applicable to the cause of action stated, and the facts alleged were proven. *Held,* that to the cause of action so established contributory negligence was not a defense; it merely went in reduction of damages.

**Judicial notice of Federal act.**

4. It was not necessary to plead the act of Congress, of which courts must take judicial notice.

Action in the district court for Hennepin county to recover $10,000 for personal injury. The negligence alleged in the complaint is stated at the beginning of the fifth paragraph of the opinion. The complaint also alleged that plaintiff never had any means of knowing that the switch stand was located in such close proximity to track 4, or that the lever attached to it would, when set for track 3, extend out so far toward track 4 as to make it dangerous to one riding a car on track 4. The defense was contributory negligence on the part of plaintiff and assumption of risk by him. The case was tried before Hale, J., who, when plaintiff rested, denied defendant's motion for a directed verdict and a jury which returned a verdict in favor of plaintiff for $2,500. From an order denying defendant's motion for judgment notwithstanding the verdict, it appealed. It was stipulated that the appeal should be treated as an appeal from the judgment subsequently entered pursuant to the verdict. Affirmed.

exercise of ordinary care on the part of the servant, see note in 28 L.R.A.(N.S.) 1250. And as to a servant's assumption of risk from latent danger or defect, see note in 17 L.R.A.(N.S.) 76.

The question of contributory negligence as a defense against violation of statutory duty where statute excludes defense of assumed risk is the subject of a note in 13 L.R.A.(N.S.) 1152.

*W. H. Bremner, F. M. Miner* and *George W. Seevers,* for appel-
lant.

*Samuel A. Anderson,* for respondent.

HOLT, J.

This appeal is from a judgment rendered against defendant in a
personal injury action. There was no motion for a new trial; there-
fore the only question that can be raised is: Was defendant, upon
the pleadings and evidence, entitled to a judgment in its favor?

In the milling district of Minneapolis defendant maintains exten-
sive switchyards. From one of its lead tracks, 17 switch tracks di-
verge. This lead track runs substantially east and west. The diver-
ging switch tracks are numbered from 1 to 17, and run parallel and
as close together as is practicable for operation. The switches for
tracks 1, 2, and 3 are operated from a switch stand located between
tracks 3 and 4. The switch lever or handle is about 2 feet 6 inches
from the ground, and extends horizontally 1 foot 10 inches from the
center of the switch stand. When the switch is set for track 1, the
lever is turned away from track 4. When set for track 2, it is parallel
with the tracks. When, however, it is necessary to set the switch
for track 3, the lever or handle is turned toward track 4, and the end
thereof, with its 7-inch upright prong, is then not more than $11\frac{1}{4}$
inches away from the side of a passing car on track 4 of the size of
the one on which plaintiff was when injured. The top of this prong
is nearly 2 inches lower than the stirrup on such a car.

Plaintiff was in the employ of defendant as a yard switchman for
almost a year before the accident. On the night of March 30, 1911,
he was on duty, assisting in moving a string of cars on track 4 towards
the east; the engine being at the west end of the string. Plaintiff was
to the south of the cars, where was also the switch stand described. He
gave the stop signal when the cars came to the desired point, and un-
coupled those to be left there. He was then three or four car lengths
to the east of this switch. As the engine, with a few cars still at-
tached to it, started back towards the west, plaintiff caught onto the
end of the rear or most easterly car at the corner thereof next to track
3, placing one foot on the stirrup, a strip of iron fastened to the sill.

of the side of the car near the corner, extending down 8½ inches, and bent out so that the clearance between it and the switch handle, which was set for track 3, was only 8½ inches; the other foot lower down upon the oil box on the trucks, catching the grab hold iron, which extended out from the side of the car 3 inches, with the left hand, and with the right he took hold of the first rung of the end ladder, and was, he claims, in the act of swinging onto this ladder at the end of the car, when the prong of this switch handle struck him in the crotch, inflicting serious injuries. There is no positive evidence that plaintiff knew or could see that the switch was set for track 3, although he testified that he might have thrown it that night, but did not remember.

Defendant claims that it was entitled to judgment, because (a) plaintiff failed to prove the negligence charged against it; (b) the evidence conclusively showed that plaintiff had assumed the risk; and (c) plaintiff's negligence was the proximate cause of the injury.

The negligence alleged against defendant was in maintaining the switch stand so that the handle thereof, when the switch was set for track 3, endangered the safety of employees in the act of boarding or getting off that side of cars passing over track 4, and also failure to keep a light out on the switch stand. It seems palpably clear that the position of this switch handle, when the switch for track 3 was set, and especially at night, when no light was maintained to show its dangerous proximity to passing cars, amply sustains a finding of negligence. We do not understand that appellant's counsel seriously contend to the contrary. The fact, if such it be, that defendant fully informed plaintiff of the dangers of the switchyard, or even of this particular switch, does not entirely wipe out the negligence in the location of the stand and failure to light it when darkness hid its dangers. Furthermore, the instructions given plaintiff concerning the dangers of this switch and the knowledge he had thereof do not conclusively prove that defendant's negligence became of no consequence because thereof. Certain it is that it cannot be said as a matter of law that there is no evidence of the negligence pleaded.

Defendant pleaded assumption of risk as a defense. It now insists that the evidence conclusively shows that plaintiff knew the location and condition of the switch, and deliberately took the chance of

riding past it hanging onto the side of the car. It also contends that the Federal Employer's Liability Act, upon which this action is predicated, does not take away the defense of assumption of risk, as claimed by plaintiff. The question is not necessarily involved here; for, regardless of the application of any statute, we cannot, upon this record, say that plaintiff assumed the risk of injury from the switch lever. He denied that he was riding, or attempting to ride, on the side of the car, if defendant's instruction forbade this at the place in question. A fair inference of his testimony is that, although he believed there was enough clearance to pass a man between the switch stand, when on the side of the car, he did not act on that belief, but was attempting, when struck, to get out of all danger by swinging onto the end of the car. The night was dark, and there is nothing to show that he could see just how far he was away from the switch when he attempted to board the car. He claimed he had never observed a car of the size of the one he was on when injured, with a stirrup extending out 3 inches, or any car on track 4, pass the switch when set for track 3. An employee cannot be said to have assumed unknown and unappreciated dangers, unless it is made to appear that, had he used ordinary care and prudence, he would have known and appreciated the same.

It is true the defense of assumption of risk was not submitted to the jury, nor was there a request so to do. But on this appeal from the judgment, where the only error assigned is that on the pleadings and evidence defendant should have judgment, the court's failure to submit all the issues to the jury, or the manner in which it was done, is of no importance.

It is also contended that defendant was entitled to judgment, because plaintiff's failure to care for his own safety was the proximate cause of his injury. This contention is without merit. If, as we first indicated, there was evidence of defendant's negligence, and it cannot be said as a matter of law that plaintiff assumed the risk, then it clearly follows that, under the Federal Employer's Liability Act, contributory negligence does not defeat recovery. It is available only in reduction of damages. The complaint alleged facts which brought the action within the Federal act mentioned, and the evidence established the allegations.

In the oral argument, a claim was made that, because the act was not specifically pleaded, the plaintiff could not come under the Federal law. This is not so. The court is required to take notice of the Federal statutes. Brimhall v. Van Campen, 8 Minn. 1, 5, (13) 82 Am. Dec. 118; 16 Cyc. 889. Facts of which judicial notice will be taken need not be alleged. 2 Dunnell, Minn. Digest, § 7520. See also Denoyer v. Railway Transfer Co. supra, page 269, 141 N. W. 175.

The judgment must be affirmed.