# MICHAEL A. ROSE v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

May 16, 1913.

Nos. 17,917—(73).

**Negligence of master — res ipsa loquitur.**

In an action for personal injuries by a servant against his master it is

[1] Reported in 141 N. W. 487.

NOTE.—The authorities on the applicability of the maxim *res ipsa loquitur* as between master and servant are collated in notes in 6 L.R.A.(N.S.) 337, and 16 L.R.A.(N.S.) 214.

*held* that the rule *res ipsa loquitur* applies to the facts stated in the opinion, and that the evidence, aided by the inference permissible under that rule, supports the finding of the jury that an appliance furnished by defendant, an air hose connecting the brake rods between the railroad cars, was defective, and that the defect might by a reasonable inspection have been discovered by defendant.

Action in the district court for Ramsey county to recover $15,000 for personal injury to plaintiff brakeman while in the employ of defendant. The facts are stated in the opinion. The answer alleged plaintiff had inspected the air brakes and hose, before leaving starting point and also again shortly prior to the time the hose burst, and reported that the train, including air brakes and hose, was in good condition, and, if there were any defects in the same, it was the duty of plaintiff to report that fact to defendant, through the conductor in charge of the train; that plaintiff made no report or furnished any information in regard to any defect. The foregoing allegations were denied in the reply. The case was tried before Brill, J., who, at the close of plaintiff's case, denied defendant's motion to dismiss the action, and, at the close of the case, to direct a verdict for defendants, and a jury which returned a verdict of $6,000 in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*J. L. Erdall* and *M. D. Munn,* for appellant.

*Barton & Kay,* for respondent.

BROWN, C. J.

Defendant, a railroad corporation, operates a line of railroad extending into Illinois, Wisconsin, Minnesota, and other states, and as such is engaged as a common carrier in interstate commerce. Plaintiff was in its employ on one of its freight trains between a point in Illinois and a point in Wisconsin, and while thus engaged was injured, as a result of the bursting of one of the air hose connecting the air brake rods between two of the cars, by reason of which the brakes upon the several cars composing the train were automatically set and the train brought to a sudden and violent stop,

throwing plaintiff from a chair in which he was seated in the caboose, and seriously injuring his knee. Plaintiff had a verdict in the court below, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The action was, by the complaint, predicated upon the Federal Employer's Liability Act, and for the violation by defendant of the Federal Safety Appliance Act, in that defendant negligently supplied the particular train with a defective air hose to connect the air brake rods between the cars. The principal questions litigated on the trial were: (1) whether the air hose was defective in fact, and (2) whether defendant was negligent in permitting it to be used upon the train. Our examination of the record leads to the conclusion that both questions were properly submitted to the jury, and that the evidence sustains the verdict.

1. The hose in question is composed of substantial material, encased in rubber and capable of resisting a considerable air pressure. It is pliable, and necessarily so, for it connects the iron rods between the cars, and yields in the movement of the train to the slack between the cars. That the sudden stopping of the train on the occasion in question was caused by the bursting of the hose is not disputed. The contention is that the evidence fails to show a defect in the same to the knowledge of defendant. The hose was examined by one of the train employees soon after the accident, and he gave testimony on the trial tending to show a defective condition. This was described to the jury. There were also other items of evidence, but not over persuasive, of an actual defect. But whether all this evidence was, standing alone, sufficient to take the issue to the jury, we need not determine.

We are clear that the rule of *res ipsa loquitur* applies, and aided thereby the conclusion of the jury is sufficiently supported. While the evidence tends to show that appliances of this character sometimes explode or burst, it may be assumed that such a result is exceptional, and that generally they serve the purpose intended for them, and if in good condition and free from defects will not under ordinary conditions give way. The hose was both before and after the accident in the exclusive possession of defendant. It was not

produced on the trial, though it is fair to defendant to say that an effort was made by its counsel to produce it, but without results.

The point is made that the rule *res ipsa loquitur* has no application to the relation of master and servant. The decisions of this court do not sustain this contention. It has been expressly held in several cases that the rule applies to that relation. Jenkins v. St. Paul City Ry. Co. 105 Minn. 504, 117 N. W. 928, 20 L.R.A.(N.S.) 401; Olson v. Great Northern Ry. Co. 68 Minn. 155, 71 N. W. 5; 4 Notes to Minn. cases 244. The authorities in other jurisdictions are not in harmony upon the subject, though a majority of the courts apply the doctrine in such cases. 3 Bailey, Per. Inj. 2153. The Federal courts differ upon the question. Northern Pac. Ry. Co. v. Dixon, 139 Fed. 737, 71 C. C. A. 555; Byers v. Carnegie Steel Co. 159 Fed. 347, 86 C. C. A. 347, 16 L.R.A.(N.S.) 214; Lucid v. DuPont Powder Co. 199 Fed. 377, 118 C. C. A. 61. And while it is probable that the rule should be held inapplicable to the relation of master and servant in particular instances, as pointed out in the Lucid case, supra, we think it clearly applicable to the facts here presented. There is here no question of the negligence of a fellow servant, as the cause of the accident; the cause thereof being distinctly shown to have been by reason of a defect in an appliance the defendant was under legal obligation to furnish and to keep and maintain in suitable and safe condition for use. The cause of the accident being thus brought directly to defendant differentiates the case from some of those wherein the rule is held inapplicable to master and servant. The question was not involved in Union Pac. Ry. Co. v. Daniels, 152 U. S. 684, 14 Sup. Ct. 756, 38 L. ed. 597. In that case the trial court instructed the jury that the rule did not apply to master and servant, and the supreme court held that defendant could not complain that the instruction was not in the language of its request.

2. The further question whether defendant knew or should have known of the defective condition of the hose requires no extended discussion. There is no claim that the company or any of its agents knew in fact that it was defective. The contention of plaintiff is that the defect could have been discovered by a reasonably careful

inspection. It was undoubtedly the duty of defendant to supply this train with reasonably safe and proper brake appliances, and by proper inspection, keep and maintain them in safe and suitable condition for use. It is claimed that the particular train, and the brake rods and hose were inspected at Kolzo, Illinois, a division point on the road, and that they then withstood the tests usually applied for the purpose.

We think, on the evidence, that the question whether the tests made were sufficient and adequate for the purposes of safety was one of fact for the jury. The sole test applied seems to have been an application of air pressure from the engine, and there was no showing of an examination of the hose, which might have disclosed its weakness, before placing it upon the train. There is some evidence tending to show that the particular hose was old, and that the defect therein could have been detected by careful examination, though not by merely looking it over for such defects as might be discernible to the sense of sight. The jury were justified, in view of the finding that the hose was defective in fact, in concluding that a physical examination of the same before it was placed in the train would have disclosed its weakness. And such being the case it follows that defendant should have known of the defect, and is chargeable with negligence in not ascertaining it.

Order affirmed.