# J. H. WILES v. GREAT NORTHERN RAILWAY COMPANY.[1]

## May 8, 1914.

### Nos. 18,466—(48).

**Res ipsa loquitur — injury to servant.**

1. The doctrine of *res ipsa loquitur* applies, the other conditions to its proper application obtaining, to the occurrence of an injury to an employee, when such injury is caused by the use of an appliance which it is the legal and nondelegable duty of the master to furnish and keep in a reasonably safe condition for use.

**Same — draw-bar of freight car.**

2. The pulling out of a draw-bar of a freight train affords a proper basis for the application of the doctrine of *res ipsa loquitur*.

**Evidence of contributory negligence.**

3. Upon a consideration of the evidence it is *held* that it does not show, as a matter of law, that a brakeman, killed in a rear-end collision between two interstate trains, was guilty of negligence which was the sole proximate cause of his death.

Action in the district court for Otter Tail county by the administrator of the estate of Dennis E. Wiles, deceased, to recover $50,000 for the death of his intestate while in the employ of defendant. The answer specifically denied that the intestate sustained any injury whatever by reason of any negligence of defendant, and alleged that the injury which caused his death was caused by his own lack of ordinary care and his neglect to obey reasonable and proper rules of defendant which were well known to the intestate. The case was tried before Nye, J., who denied defendant's motions for a directed verdict in its favor, and a jury which returned a verdict in favor of plaintiff for $650. Defendant's motion for judgment notwithstanding

1 Reported in 147 N. W. 427.

Note.—On the question of the applicability of the maxim *Res ipsa loquitur* as between master and servant, generally, see notes in 6 L.R.A.(N.S.) 337 and 16 L.R.A.(N.S.) 214.

the verdict was granted. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Thomas D. Schall* and *M. J. Daly,* for appellant.

*M. L. Countryman* and *A. L. Janes,* for respondent.

DIBELL, C.

Action by the plaintiff as administrator of Dennis E. Wiles to recover damages caused by his death, which it is alleged resulted from the negligence of the defendant. There was a verdict for the plaintiff. Defendant moved for judgment notwithstanding the verdict. The motion was granted. Judgment was entered. The plaintiff appeals from the judgment.

The ultimate question is whether the evidence sustains the verdict. There are three included questions:

(1) Whether the doctrine of *res ipsa loquitur* applies to an employee situated as the deceased was.

(2) Whether the doctrine is applicable when the injury occurs through the pulling out of a draw-bar on a freight train.

(3) Whether the negligence of the deceased, assuming him to have been negligent, was the sole proximate cause of his death.

The deceased was the rear brakeman on a freight train of the defendant proceeding easterly between Grotto and Skykomish, Washington, closely followed by a passenger train drawn by two engines. Both trains were engaged in interstate commerce. The freight train was running as an extra without a time-card. It was made up of some 46 cars. It broke in two by the draw-bar pulling out of the sixth car from the engine. The train had just rounded a curve and was again on a straight track. The two parts of the train, when they came to a stop, were separated by a half of a car length. It was about one o'clock in the morning. The passenger train crashed into the freight, causing the death of decedent. His body was found in the smoke-box of the forward passenger engine. What caused the pulling out of the draw-bar is not shown. There is no direct proof that it was defective or that the defendant was negligent in the care or use of it. There is an absence of oral evidence. The plaintiff relies upon the doctrine of *res ipsa loquitur* in proof of negligence.

1. The doctrine of *res ipsa loquitur* applies, the other conditions to its proper application obtaining, to the occurrence of an injury in the relation of employer and employee, when such injury arises in the use of an appliance which it is the legal and nondelegable duty of the employer to furnish and to keep in a reasonably safe condition for use. Rose v. Minneapolis, St. P. & S. S. M. Ry. Co. 121 Minn. 363, 141 N. W. 487; Jenkins v. St. Paul City Ry. Co. 105 Minn. 504, 117 N. W. 928, 20 L.R.A.(N.S.) 401; Olson v. Great Northern Ry. Co. 68 Minn. 155, 71 N. W. 5. The rule stated, and adopted by this court, may fairly be said to be the better accepted one. The case at bar presents such a situation. There are no questions involved of the negligence of a fellow-servant, or of the deceased himself in respect of the draw-bar, or of anyone else for the negligence of whom the defendant is not responsible to the representative of the decedent. If the situation is one to which the doctrine of *res ipsa loquitur* would apply if the deceased had been a stranger, it applies, under the circumstances of this case, to the plaintiff's intestate as an employee.

2. The next question is whether the pulling out of the draw-bar affords a proper basis for the application of the doctrine of *res ipsa loquitur*. The limits of the doctrine are stated in 4 Wigmore, § 2509, as follows:

"(1) The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection or user; (2) Both inspection and user must have been at the time of the injury in the control of the party charged; (3) The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured."

This is substantially the doctrine stated in Jenkins v. St. Paul City Ry. Co. 105 Minn. 504, 117 N. W. 928, 20 L.R.A.(N.S.) 401, and in Olson v. Great Northern Ry. Co. 68 Minn. 155, 71 N. W. 5.

In Rose v. Minneapolis, St. P. & S. S. M. Ry. Co. 121 Minn. 363, 141 N. W. 487, following the principle of the other cases, the doctrine was applied to the bursting of the air hose on a moving train. A number of applications are given in the notes to 4 Labatt, Master & Servant, (2d ed.) § 1601, 3 Bailey, Per. Inj. § 797, and 4 Wigmore, Ev. § 2509. Not all are consistent. The case of Looney v. Metro-

politan R. Co. 200 U. S. 480, 26 Sup. Ct. 303, 50 L. ed. 564, is without application. It illustrates the general rule that negligence cannot be inferred from an accident, and not the exceptional situation to which the doctrine of *res ipsa loquitur* applies. It is urged by the defendant that the pulling out of a draw-bar is not of such unusual occurrence that it furnishes a legitimate basis for the application of the doctrine. The instances of the pulling apart of draw-bars are many; but compared with the constant use of so large a number of draw-bars a parting is unusual. Careless construction, inspection or user must usually account for the parting. In connection with the language already quoted, Dean Wigmore makes this observation:

"It may be added that the particular force and justice of the presumption, regarded as a rule throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person."

This expresses the good sense of the rule; and its application puts no unjust burden on a defendant who furnishes and has control of the instrumentality through which the injury comes, and who, from a practical standpoint, is the only one in possession of evidence which will explain the cause of the occurrence. The defendant in possession of the appliance and in charge of the operation of the train can, without undue hardship, ascertain its condition and preserve evidence of it. Unless the rule of *res ipsa loquitur* applies, the substantial result is that one, however innocently injured through the pulling out of a defective draw-bar, or the representatives of one killed, cannot successfully maintain an action for the injury or death because of his inability to obtain evidence of the precise defect. The application of the doctrine is in aid of the fair administration of justice and is not unjust to the defendant.

The situation here involved renders applicable the doctrine of *res ipsa loquitur* and the jury were justified in finding negligence from the fact of the accident.

We pass, as unnecessary to the determination of the case, the question whether the defendant could he held liable for negligence in per-

mitting its two trains to run so near together without further precautions to avoid a rear end collision.

3. Both trains were engaged in interstate commerce. If the injury resulted from the concurring negligence of the deceased in failing to warn the approaching train, and of the railway company in failing to furnish a proper appliance in the way of a draw-bar, the doctrine of comparative negligence is applicable under the Federal Employer's Liability Act of April 22, 1908 (35 St. 65, c. 149.[1]) See Delk v. St. Louis & S. F. R. Co. 220 U. S. 580, 31 Sup. Ct. 617, 55 L. ed. 59; Schlemmer v. Buffalo, R. & P. Ry. Co. 220 U. S. 590, 31 Sup. Ct. 561, 55 L. ed. 596; Mondou v. New York, N. H. & H. R. Co. 223 U. S. 1, 32 Sup. Ct. 169, 56 L. ed. 327, 38 L.R.A.(N.S.) 44; Denoyer v. Railway Transfer Co. of Minneapolis, 121 Minn. 269, 141 N. W. 175; McDonald v. Railway Transfer Co. of Minneapolis, 121 Minn. 273, 141 N. W. 177; La Mere v. Railway Transfer Co. supra, p. 159, 145 N. W. 1068. The court submitted the question of comparative negligence to the jury. The judgment notwithstanding the verdict was granted upon the theory that the deceased was negligent and that his negligence was the proximate cause of the injury, and that it could not be found that the case was one of the concurring negligence of the deceased and of the railway company. Assuming, without deciding, that the deceased was negligent as a matter of law, we do not think the result stated follows. The claim is that the deceased should have thrown out fuses to warn the approaching passenger train, and that when the freight train stopped, upon its breaking apart, he should have gone back and placed a signal for the approaching passenger train. Conceding that the deceased was negligent, we do not think it follows as a matter of law that his negligence was the sole proximate cause of his death. The question, putting it favorably to the defendant, was for the jury whether the negligence of the deceased, conceding him to have been negligent, was the sole proximate cause, or, with the negligence of the defendant, a concurring cause, making applicable the comparative negligence rule as to damages. The question of proximate cause is usually one of fact. Schumaker v. St. Paul & D. R. Co. 46 Minn. 39, 48 N. W. 559, 12 L.R.A. 257; Jensen v. Commodore Mining Co. 94 Minn.

[1] [U. S. Comp. St. Supp. 1911, p. 1322.]

53, 101 N. W. 944; Morey v. Shenango Furnace Co. 112 Minn. 528, 127 N. W. 1134; Healy v. Hoy, 115 Minn. 321, 132 N. W. 208; Gillespie v. Great Northern Ry. Co. 124 Minn. 1, 144 N. W. 466; Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S. 469, 24 L. ed. 256. "It is always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy and precedent. * * * The best use that can be made of the authorities on proximate cause is merely to furnish illustrations of situations which judicious men upon careful consideration have adjudged to be on one side of the line or the other." 1 Street, Found. Leg. Liab. 110. The thought expressed in the quotation is stated in substantially equivalent language in Schumaker v. St. Paul & D. R. Co. supra, Healy v. Hoy, supra, and Moores v. Northern Pacific Ry. Co. 108 Minn. 100, 121 N. W. 302. Under the Federal statute contributory negligence reduces damages but does not prevent a recovery; and we think the trial court was in error in holding that the sole proximate cause of decedent's death was his negligence.

The defendant moved for judgment notwithstanding the verdict and not in the alternative. Upon the going down of the remittitur judgment will be entered on the verdict. Judgment reversed.