# JOHN MANNING v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

## December 29, 1916.

## Nos. 19,896—(46).

**Negligence — derailment of engine — burden of proof.**

1. Plaintiff, a locomotive fireman, was injured by derailment of an engine going 35 miles an hour around a curve. The evidence is that after the derailment the track was torn up and there were rotten ties. The court instructed the jury that the mere fact that the locomotive left the track in this manner is *prima facie* evidence of negligence on the part of defendant and shifted the burden of proof to the defendant.

**Same — Federal rules apply.**

2. The train was an interstate train. Federal rules of substantive law accordingly apply.

**Negligence — burden of proof.**

3. The question of burden of proof of negligence is matter of substantive law.

**Evidence — res ipsa loquitur.**

4. The doctrine of *res ipsa loquitur* applied under the facts of this case.

**Charge to jury — harmless error.**

5. It was not proper to say in such a case that the burden of proof shifts, but in view of the fact that no exception was taken to the language at the time, and that the court elsewhere instructed the jury that the burden of proof was upon the plaintiff, the defect in the charge was not reversible error.

**Evidence — exclusion of record harmless.**

6. A hospital clinical record offered in evidence and excluded was per-

[1]Reported in 160 N. W. 787.

Note.—For authorities passing on the question of power of legislature to make injury to persons *prima facie* evidence of negligence, see note in 32 L.R.A. (N.S.) 226.

Upon the question of relation of doctrine *res ipsa loquitur* to burden of proof, see comprehensive note in L.R.A. 1916A, 930.

The question of excessiveness of damages for personal injuries other than death, is discussed in a comprehensive note in L.R.A. 1916F, 491.

haps competent, but it is not returned to this court and its materiality is not shown. Its exclusion was not reversible error.

**Damages not excessive.**

7. The damages as reduced by the trial court are not excessive.

Action in the district court for Blue Earth county to recover $30,000 for personal injury received while in the employ of defendant. The answer, among other matters, alleged that all the facts and conditions surrounding the accident, including the speed of the train, were open and obvious and known to plaintiff, and that he knew and appreciated whatever dangers were incident to his employment as locomotive fireman or involved in the act of jumping from the cab of his engine, and that he assumed the risks incident to his employment. The case was tried before Quinn, J., acting in place of the judge of the Sixth judicial district, who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony defendant's motion for a directed verdict, and a jury which returned a verdict for $20,000. Defendant's motion for judgment notwithstanding the verdict was denied, and its motion for a new trial was granted, unless plaintiff consented to a reduction of the verdict to $15,000, to which plaintiff agreed. From the order denying its motion for judgment notwithstanding the verdict or for a new trial unless plaintiff consented to a reduction of the verdict, defendant appealed. Affirmed.

*Briggs, Thygeson & Everall* and *Monte Appel,* for appellant.

*S. B. Wilson* and *C. J. Laurisch,* for respondent.

HALLAM, J.

Plaintiff, a locomotive fireman, sued to recover damages for injuries sustained while in service by reason of the derailment of the engine. He recovered a verdict. Defendant appeals from an alternative order for judgment or for a new trial.

It would seem from the record that defendant's liability for the derailment was not very seriously contested. No evidence on this subject was offered by defendant. Nevertheless exception is taken to the instruction of the court on the subject.

1. Plaintiff's evidence was that the train was running 35 miles an

hour around a sharp curve, and that after the derailment "the track was all torn up, and it appeared there was nothing left but rotten ties and broken rails." There was no denial of plaintiff's testimony. On this evidence the court instructed the jury that the burden of proof was upon the plaintiff to prove his right to recover, that the plaintiff claimed that the derailment was due to the negligence of the company in not keeping its roadbed and track in proper condition, and in the manner and speed of running its trains, and then said that "the mere fact that the locomotive left the track in this manner is *prima facie* evidence of negligence on the part of the defendant, and the burden then shifts and is upon the defendant to disprove negligence on its part." This last instruction is assigned as error.

2. The proof is undisputed that the train was an interstate train. The Federal Employer's Liability Act and Federal decisions accordingly furnish the exclusive rules of substantive law applicable to the case. Mondou v. N. Y. N. H. & H. R. Co. 223 U. S. 1, 55, 32 Sup. Ct. 169, 56 L. ed. 327, 38 L.R.A.(N.S.) 44; Missouri K. & T. Ry. Co v. Wulf, 226 U. S. 570, 576, 33 Sup. Ct. 135, 57 L. ed. 355, Ann. Cas. 1914B, 134; North Carolina R. Co. v. Zachary, 232 U. S. 248, 256, 34 Sup. Ct. 305, 58 L. ed. 591, Ann. Cas. 1914C, 159; Seaboard Air Line Ry. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. ed. 1062, L.R.A. 1915C, Ann. Cas. 1915B, 475. But the rules of procedure are those of the forum where the action is brought. Norfolk Southern R. Co. v. Ferebee, 238 U. S. 269, 35 Sup. Ct. 781, 59 L. ed. 1303; Chesapeake & O. Ry. Co. v. Kelly, 241 U. S. 485, 36 Sup. Ct. 630, 60 L. ed. 1117.

3. The instruction complained of relates to the burden of proof. It is held that the question of the burden of proof of negligence is not mere matter of procedure, but matter of substantive law, and that it "arises out of the general obligation imposed upon every plaintiff, to establish all the facts necessary to make out his cause of action." Central Vt. Ry. Co. v. White, 238 U. S. 507, 512, 35 Sup. Ct. 865, 868, 59 L. ed. 1433, Ann. Cas. 1916B, 252.

4. The next question is, does this instruction square with the rules of law of the Federal Supreme Court on this subject?

Defendant, rightly assuming that this instruction applies the doctrine

of *res ipsa loquitur*, contends that under the decisions of the United States Supreme Court that doctrine can in no case have application in an action for negligence brought by an employee against his employer. The decisions relied upon to establish that principle do not go so far. Union Pac. Ry. Co. v. Daniels, 152 U. S. 684, 14 Sup. Ct. 756, 38 L. ed. 597; Texas & P. Ry. Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. ed. 1136; Patton v. Texas & P. Ry. 179 U. S. 658, 21 Sup. Ct. 275, 45 L. ed. 361; Looney v. Metropolitan R. Co. 200 U. S. 480, 486, 26 Sup. Ct. 303, 50 L. ed. 564; Southern Ry. (Carolina Division) v. Bennett, 233 U. S. 80, 34 Sup. Ct. 566, 58 L. ed. 860. In the last case where that question was urged upon the court, it was disposed of with the statement that "the application of the doctrine to cases like that at bar is disputable," but it was said that "we * * * do not have to go farther than to indicate the dispute. The case at bar is not solved by the doctrine." Great Northern Ry. Co. v. Wiles, 240 U. S. 444, 448, 36 Sup. Ct. 406, 408, 60 L. ed. 732.

In the circuit courts the decisions are not in harmony. The majority of them hold that there is no hard and fast rule that the doctrine of *res ipsa loquitur* can in no case be applicable in a suit by an employee against an employer for negligent injuries, but that the applicability of the rule is to be determined by the circumstances under which the accident is shown to have happened. Westland v. Gold Coin Mines Co. 101 Fed. 59, 41 C. C. A. 193; Cincinnati, N. O. & T. P. Ry. Co. v. South Fork Coal Co. 139 Fed. 528, 71 C. C. A. 316, 1 L.R.A.(N.S.) 533; Lucid v. Du Pont DeNemours Powder Co. 199 Fed. 377, 118 C. C. A. 61; see Byers v. Carnegie Steel Co. 159 Fed. 347, 86 C. C. A. 347, 16 L.R.A.(N.S.) 214.

In the late case of Southern Ry. (Carolina Division) v. Bennett, 233 U. S. 80, 34 Sup. Ct. 566, 58 L. ed. 860, an action under the Federal Employer's Liability Act, the court said of the doctrine *res ipsa loquitur*, that its application to that case would have been right or wrong, according to the *res* referred to, and that in a case where an employee was killed by the falling of his engine through a burning trestle, and there was evidence to show that the trestle was more or less rotten and that the fire was caused by the dropping of coals from an earlier train, and that the engine might have been stopped had a proper outlook been kept, it was held proper to instruct the jury that if a servant is injured through defective instrumentalities, it is *prima facie* evidence of the master's negligence.

Under our own decisions the rule has obtained for many years that as between employer and employee, the mere fact that an accident happens has no tendency to prove negligence, but that an accident may be of such a nature as to raise a presumption of negligence, and where the thing causing the accident is in the possession and under the control of the defendant, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care and the plaintiff can in no sense be said to have contributed to it, then the fact that the accident happened affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of due care. Olson v. Great Northern Ry. Co. 68 Minn. 155, 161, 71 N. W. 5; Rose v. Minneapolis, St. P. & S. S. M. Ry. Co. 121 Minn. 363, 141 N. W. 487, Ann. Cas. 1914D, 92; Wiles v. Great Northern Ry. Co. 125 Minn. 348, 147 N. W. 427. While a statement as general as that made in the charge would be in most cases too broad, yet, in view of the undisputed testimony as to the condition of the track and the speed of the train on this curve, we think the instruction was not erroneous, either under our own decisions or the decisions in the Bennett case, supra. The question in this case is not whether a derailment may not occur without culpable negligence, but whether in this particular case the circumstances do not raise a presumption that the derailment was due to the want of ordinary care. See Cincinnati, N. O. & T. P. Ry. Co. v. South Fork Coal Co. 139 Fed. 528, 71 C. C. A. 316, 1 L.R.A.(N.S.) 533.

It is true the instruction was not accurate. It was not proper to say in such a case that the burden of proof "shifts and is upon the defendant to disprove negligence on its part."

The doctrine *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence; that they make a case to be decided by the jury, but it does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff. Sweeney v. Erving, 228 U. S. 233, 240, 33 Sup. Ct. 416, 57 L. ed. 815, Ann Cas. 1914D, 905; Keithley v. Hettinger, 133 Minn. 36, 157 N. W. 897.

We think, however, this defect in the instruction was not reversible error. No exception was taken to this language at the time, and the court in other parts of the charge instructed the jury that the burden of

proof was on the plaintiff throughout. We think the decision in the Bennett case covers this point also. The same sort of a charge was there before the court. Justice Holmes in that case said:

"Of course the burden of proving negligence in a strict sense is on the plaintiff throughout, as was recognized and stated later in the charge. The phrase picked out for criticism did not controvert that proposition, but merely expresses in an untechnical way that if the death was due to a defective instrumentality and no explanation was given, the plaintiff had sustained the burden."

All of this is applicable to the case at bar. We hold that there was no reversible error in the charge.

6. A ruling of the court on evidence is assailed. Plaintiff testified that for a time after he was injured he was a patient in the Bethesda hospital in St. Paul. Defendant offered in evidence the hospital chart or "clinical record" of the hospital kept daily by the nurse in attendance in plaintiff's room, and preserved as a permanent hospital record. Objection was made to this document and it was excluded. We would not want to hold that this record was not proper evidence if it contained anything material to the case. The exhibit has, however, not been returned to this court. From the advice we have as to its contents we cannot say that it was of such materiality that its exclusion was reversible error.

7. The jury returned a verdict for $20,000. On motion the court ordered a new trial, unless plaintiff should consent to a reduction to $15,000. It is urged that the amount is still excessive. Plaintiff is 40 years of age, has been a railroad fireman for eight years and was earning $110 a month. The tibia of his right leg was broken about three inches below the knee, and split up into the knee joint. It is what is known as a "T" fracture. The break did not unite properly; the ends did not meet, so that one projects over the other; the bone is twisted, so that the upper part is turned outward and the foot turned inward. The injured leg is one inch shorter than the other. The deformity in the leg is permanent and incapacitates plaintiff from railroad work. It will always cause pain. There is also a falling of the arch of the right foot. Some other minor injuries are shown. His left side was bruised. He says two ribs were broken, though there is no

medical testimony to that effect. His left leg was bruised and his left ankle sprained. The amount as reduced is still large, but we are not disposed to disturb the action of the trial court. In other cases awards proportionately about as large have been sustained. Larson v. Haglin, 103 Minn. 257, 114 N. W. 958; Kanz v. J. Neils Lumber Co. 114 Minn. 466, 131 N. W. 643, 36 L.R.A.(N.S.) 269; Arveson v. Boston Coal Dock & W. Co. 128 Minn. 178, 150 N. W. 810. In other jurisdictions verdicts for as large amounts for injuries no worse have been sustained. Western Union Tel. Co. v. Engler, 75 Fed. 102, 21 C. C. A. 246 (fractured leg—$15,000); Lannon v. City of Chicago, 159 Ill. App. 595 (injured and shortened leg—$15,000).

Order affirmed.