FERDINAND C. WOLTER v. THE ARMSTRONG TELEPHONE·
EXCHANGE COMPANY.[1]

July 7, 1922.

No. 22,930.

Sagging telephone wire over public highway—question of negligence for
jury.
1. The inference of negligence arising from the facts of this case
was not conclusively rebutted and the question was for the jury.

Evidence of contributory negligence insufficient.
2. The evidence would not justify a finding of contributory negli-
gence and the court correctly eliminated that question.

Action in the district court for Martin county to recover $17,200
for personal injuries. The case was tried before Dean, J., who when
plaintiff rested denied defendant's motion to dismiss the action and
at the close of the testimony defendant's motion for a directed ver-
dict, and a jury which returned a verdict for $8,000. From an or-
der denying its motion for judgment notwithstanding the verdict or
for a new trial, defendant appealed. Affirmed.

*Haycraft & McCune*, for appellant.

*Cooper & Gaarenstroom*, for respondent.

TAYLOR, C.

Action for personal injuries in which plaintiff had a verdict and
defendant appeals from an order denying its motion for judgment
notwithstanding the verdict or for a new trial.

Defendant owns and operates a telephone line extending along a
public highway in Martin county. At the place of the accident, a
telephone wire was strung obliquely across the road from a pole on
one side to a pole about 120 feet distant on the other side. There
was evidence that this wire had been slack and sagging for some
months, but not so as to interfere with travel. As plaintiff was

[1]Reported in 189 N. W. 431.

driving along the highway sitting on a spring seat on the triple box of a farm wagon in the early morning of August 26, 1919, this wire caught on the seat and threw plaintiff to the ground breaking his leg at the hip joint in such a manner that he is permanently crippled. This same wagon had been driven over the same portion of the road the evening before by a driver sitting in the same seat without coming in contact with the wire. It appears undisputed that during the night from some unknown cause the wire had sagged 5 or 6 feet below its former position.

Defendant in effect concedes that the doctrine of res ipsa loquitur applies under the facts of this case, but contends that the inference of negligence arising from the sagging of the wire has been completely rebutted and that no evidence in support of the presumption of negligence was presented by plaintiff. We are unable to sustain the contention that the inference of negligence was conclusively rebutted. This contention is based on the fact that the testimony of the driver of the wagon the evening before, the testimony of the driver of a threshing machine which passed under the wire the evening before, and the testimony of defendant's lineman who observed the wire the day before, show that as late as the evening preceding the accident the wire was in the same position in which it had been for many months.

"Where the thing causing the accident is shown to be in the possession and under the control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use due care, it affords reasonable evidence in the absence of explanation by the defendant, that the accident arose from want of such care." Dunnell, Minn. Dig. and Supps. § 7044, and cases there cited.

What caused the wire to sag in this instance is not explained in any manner. The inference from the sagging of the wire, in the absence of evidence tending to show some other cause for it, is that the supports or fastenings which held the wire in position were defective and gave way sufficiently to lower the wire to the position which it occupied at the time of the accident. We think the evidence made a question for the jury. See Wiles v. Great Northern

Ry. Co. 125 Minn. 348, 147 N. W. 427; Keithley v. Hettinger, 133 Minn. 36, 157 N. W. 897, Ann. Cas. 1918D, 376; Holt v. Ten Broeck, 134 Minn. 458, 159 N. W. 1073, Ann. Cas. 1918E, 256; Manning v. Chicago G. W. Ry. Co. 135 Minn. 229, 160 N. W. 787.

Defendant insists that the court erred in failing to submit to the jury the question of contributory negligence on the part of plaintiff, and in impliedly eliminating that question by the charge. The claim of contributory negligence was not urged during the trial, nor referred to in the motion for a directed verdict. In denying that motion the court stated that there were only two questions for the jury: The question of negligence and of damages. Defendant gave no intimation that any other questions were involved, but now contends that the question whether plaintiff was free from negligence should have been submitted because presented by the pleadings. Even conceding that defendant is in position to raise the question, no evidence has been pointed out, and we have found none, which would warrant a finding of contributory negligence, and in the absence of such evidence that question was properly eliminated.

Order affirmed.